CULLY v: Ross, Assignee.

A bankrupt is not a competent witness, in trover by his assignee, to prove property in the latter, unless he release to the plaintiff all claim to an allowance out of his estate, as well as to the surplus.

*Thursday,*
*December* 12. ERROR to the *Union* Circuit Court. Verdict and judgment in the Circuit Court for *Ross*, the plaintiff.

DEWEY, J.—This was an action of trover by the assignee of a bankrupt. Plea, not guilty; and also a plea, that the plaintiff was not assignee. The plaintiff, to prove property in himself as assignee, produced the bankrupt as a witness, who had received his final discharge and certificate; and who had released to the assignee all claim to a surplus of his estate, but not to his allowance. The witness was objected to on the score of interest; but the objection was overruled, and he was sworn.

We think this decision was wrong. To render the bankrupt competent as a witness to prove property in his assignee, he should have released all claim to an allowance out of his estate, as well as to the surplus. *Schneider* v. *Parr*, Peake's Add. Cas. 66.—2 Phill. Ev. 354.—*Ewens* v. *Gold*, Bull. N. P. 43. A bankrupt, in *England*, is allowed a certain per centage on the net proceeds of his estate, provided the creditors are paid 10*s.* in the pound, or more; but if they receive less than that rate, the allowance depends upon the discretion of the assignees and commissioners. 1 Harr. Dig. 419. By the 3d section of the bankrupt act, passed by congress in 1841, the assignee was bound to allow the bankrupt his necessary household and kitchen furniture, and such other articles and necessaries as the assignee should designate, having reference in the amount to the family, condition, and circumstances of the bankrupt, not exceeding 300 dollars in value, besides wearing apparel. In considering the condition and circumstances of the bankrupt, it was proper for the assignee to take into view the amount of his property compared with his debts, and to estimate the allowance accordingly. It is evident, therefore, that the bankrupt had a direct interest to increase the assets in the hands of the assignee,

unless he had previously received his allowance in full. If such was the fact, the record should have shown it.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. S. Reid*, for the plaintiff.

*J. B. Sleeth*, for the defendant.